# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RICHARD L. JOHNSON,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:20CV00255 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WARDEN, USP LEE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Richard L. Johnson, Pro Se Petitioner; Sara Bugbee Wynn, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

The petitioner, Richard L. Johnson, a federal inmate proceeding pro se, has filed a petition entitled *"*Petition for Writ of Habeas Corpus to Set-Aside Agency Action/Policy Under 5 U.S.C. § 706(2)(A); and 28 U.S.C. § 2241."[1] ECF No. 1. He attacks the policy of the Bureau of Prisons which would deny him early release upon successful completion of the residential drug abuse program ("RDAP") because of his firearms convictions. After careful review of the record and the parties' submissions, I conclude that the petition must be dismissed.

---

[1] Johnson was confined at the United States Penitentiary Lee County, located in this judicial district, when he filed his petition. He has since been transferred to another prison.

I.

Johnson was sentenced by the United States District Court for the Southern District of Illinois to 144 months' imprisonment, followed by two years of supervised release, after pleading guilty to three counts of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a)(8), 5861(d), and 5871, and one count of unlawful possession of a weapon by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Johnson's sentence was later reduced to 84 months' imprisonment by order of the sentencing court. His current projected release date is September 21, 2022.

Congress has provided an incentive for federal inmate participation in RDAP by permitting the BOP to release up to one year early, a prisoner convicted of a nonviolent offense who successfully completes the program. 18 U.S.C. § 3621(e)(2)(B). Johnson is not enrolled in the RDAP program, but he received in April of 2020 a determination by the BOP's Designation and Sentence Computation Center ("DSCC") that he would not be eligible for such early release based on his convictions, even if he successfully completed RDAP. Johnson then filed the present action.

Johnson contends that the determination was in violation of his constitutional rights and contrary to law because his firearms offenses should not be considered violent crimes. The government has responded, arguing that Johnson has not

exhausted his administrative remedies and that in any event, the determination by the BOP's DSCC is not subject to judicial review.

II.

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts ordinarily require petitioners to exhaust available administrative remedies prior to seeking habeas review under § 2241. *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 489–92 (1973); Failure to exhaust may only be excused by a showing of cause and prejudice. *Williams v. Breckon*, No. 7:19CV00387, 2020 WL 1158255, at *2 (W.D. Va. Mar. 10, 2020) ("When legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies [the court] excuses this failure to exhaust.") (internal quotation marks and citation omitted.)

The BOP's Administrative Remedy Procedure provides a three-level appeal process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. § 542.10. Ordinarily, an inmate must first attempt to resolve the issues informally with a staff member. 28 C.F.R. § 542.13(a). If an informal resolution is not successful, the inmate may file a formal written complaint addressed to the warden. *Id.* This complaint must be filed within 20 calendar days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response, that response

may be appealed to the Regional Director within 20 calendar days of the date on which the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.*[2]

Johnson replies that the determination by DSCC "represents complete exhaustion of [his] administrative remedies as it was issued by the BOP's national designation and sentence computation center ("DSCC") . . ." and "there is no other with higher authority . . . ." Pet. 3, ECF No. 1. Johnson claims that, even if there were, he does not have sufficient time remaining on his sentence to exhaust further remedies when taking into account the nine-month RDAP.

Johnson appears to recognize that there were further remedies which he did not exhaust before filing the petition. Nor has he attempted to show cause and prejudice for his failure to do so. Indeed, he states that as soon as he received the DSCC decision he "began preparing this petition." Pet. 3, ECF No. 1.

For the stated reasons, there is no genuine dispute of material fact that Johnson has not exhausted his administrative remedies. I will therefore grant the

---

[2] These time limits may be extended when the inmate demonstrates a valid reason for the delay. *Id.; see also* 28 C.F.R. § 542.14(b) (listing possible reasons for delay).

respondent's Motion to Dismiss and dismiss Johnson's petition, without prejudice to Johnson's ability to file a proper action once he has exhausted his administrative remedies.

A separate Final Order will be entered herewith.

DATED: September 13, 2021

/s/  JAMES P. JONES
Senior United States District Judge